UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
GLIMBLOY RATTIGAN,

                    Plaintiff,

v.                                           ORDER

OSHIKIRI CORPORATION OF AMERICA,       20-CV-7073 (PMH)
et al.

                    Defendants.
----------------------------------------------------------X

PHILIP M. HALPERN, United States District Judge:

      On June 24, 2021, the Court held a pre-motion telephone conference concerning Plaintiff's subpoena to R&R Bakers Machine & Oven Repair LLC ("R&R"). Plaintiff's counsel advised the Court at that conference that he intended to add R&R as a defendant in this action; that R&R is a citizen of the State of New York; and that by adding R&R, complete diversity would be destroyed. The Court ordered the parties to meet and confer concerning the addition of R&R as a party in this action, and advise the Court of the parties' determination by July 8, 2021 by letter. (June 24, 2021 Min. Entry).

      Pursuant to the Court's Order, on July 8, 2021, Plaintiff filed a letter seeking leave to file an amended complaint adding R&R as a defendant. (Doc. 65). Plaintiff again noted that adding R&R would defeat diversity and this Court's subject-matter jurisdiction. (*Id.*). On July 20, 2021, the Court directed Defendant Gemini Bakery Equipment Co. ("Gemini") to file a letter setting forth its position with respect to Plaintiff's request. (Doc. 66). Later that same day, Gemini advised the Court by letter that it was in agreement with Plaintiff to add R&R as a defendant, and that if Plaintiff did not add R&R then Gemini would request to add R&R as a third party

defendant. (Doc. 67). Gemini further noted that it agreed with Plaintiff's counsel's assessment of the effect of the joinder of R&R on this Court's subject-matter jurisdiction. (*Id.*).

On July 21, 2021, the Court granted Plaintiff's request to file an amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(2) in light of Gemini's letter consenting to the proposed amendment. (Doc. 68). On July 23, 2021, Plaintiff filed a Second Amended Complaint, adding R&R as a defendant. (Doc. 69). Paragraph 4 of the Second Amended Complaint alleges that R&R "is a corporate entity organized under the laws of the State of New York with its principal place of business in the County of Queens, New York." (*Id.* ¶ 4). Paragraph 5 alleges that Plaintiff is "a citizen of the State of New York, County of Kings." (*Id.* ¶ 5). Paragraph 19 alleges that "[t]he inclusion of defendant R&R destroys the diversity jurisdiction of the Federal Court." (*Id.* ¶ 19).

As counsel for Plaintiff and Gemini advised the Court, and as pled in the Second Amended Complaint, the addition of the New York defendant destroys complete diversity, necessary to jurisdiction under 28 U.S.C. § 1332. Because there is no longer any discernible ground for federal jurisdiction in this case, this Court lacks subject-matter jurisdiction over this action. Accordingly, the case is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject-matter jurisdiction.

The Clerk of Court is respectfully requested to close this case.

SO ORDERED.

Dated: White Plains, New York
       July 26, 2021

_____
Philip M. Halpern
United States District Judge